1  Marvin H. Kleinberg (State Bar No. 24,953)
   Email: mkleinberg@kleinberglerner.com
2  Michael Hurey (State Bar No. 139,550)
   Email: mhurey@kleinberglerner.com
3  **KLEINBERG & LERNER, LLP**
4  1875 Century Park East, Suite 1150
   Los Angeles, California 90067-3112
5  Phone: (310) 557-1511 • Fax: (310) 557-1540
6  Henry N. Jannol, Esq. (State Bar No. 66,309)
   Email: hnj@smbgroup.com
7  **HENRY N. JANNOL, A PROFESSIONAL CORPORATION**
8  10850 Wilshire Blvd. Suite 825
   Los Angeles, CA 90024
9  Phone: (310) 552-7500 • Fax: (310) 552-7552
10 Attorneys for Plaintiff  CWH COMPANY, LLC

11
12                  UNITED STATES DISTRICT COURT
         CENTRAL DISTRICT OF CALIFORNIA—WESTERN DIVISION
13
14 CWH COMPANY, LLC, a California          Case No. **SACV10-01759** JST
   Limited Liability Company                                            (CWx)
15        Plaintiff,
                                           **COMPLAINT FOR INJUNCTIVE**
16        v.                               **RELIEF AND FOR DAMAGES**
                                           **FOR:**
17 3522 DEL PRADO BLVD LLC, a Florida
   Limited Liability Company, DAVID S.     **(1) FEDERAL TRADEMARK**
18 RAMAGE, an individual and MICHELLE          **INFRINGEMENT [15**
   RAMAGE, an individual,                      **U.S.C. § 1114];**
19                                         **(2) FEDERAL UNFAIR**
20        Defendants.                          **COMPETITION AND**
                                               **TRADE DRESS**
21 _____            **INFRINGEMENT [15**
                                               **U.S.C. § 1125(a)];**
22                                         **(3) FEDERAL TRADEMARK**
23                                             **DILUTION [15 U.S.C. §**
                                               **1125(c)] ;**
24                                         **(4) COMMON LAW UNFAIR**
25                                             **COMPETITION [15 U.S.C.**
                                               **§ 1125(a)]**
26                                         **(5) VIOLATION OF THE**
27                                             **ANTICYBERSQUATTING**
                                               **CONSUMER PRO-**
28

                              - 1 -                        **COMPLAINT**

)   **TECTION ACT (ACPA),**
)   **[15 U.S.C. § 1125(d)]**
)
)   **DEMAND FOR JURY TRIAL**
)

Plaintiff CWH COMPANY, LLC a California Limited Liability Company, (hereinafter "CWH") by and through its attorneys, alleges as follows:

## NATURE OF ACTION

1.   This is a complaint for service mark infringement, federal unfair competition and trade dress infringement, federal service mark dilution, and common law unfair competition and violation of the anticybersquatting consumer protection act ("ACPA").

## THE PARTIES

2.   Plaintiff CWH COMPANY, LLC is a California Limited Liability Company, with a principal place of business located at 16152 Beach Blvd., Suite 220, Huntington Beach, California 92647.

3.   Since 2003, Plaintiff has operated a chain of restaurants under the registered service mark and trade name "THE LAZY DOG CAFE".  These family friendly restaurants have established a pet dog theme using expressions such as "Sit, Stay, Eat", "Sit, Stay, Drink" and "Sit, Stay, Play".  Most of the restaurants include pet friendly areas and walls of pictures of pet dogs which are solicited from patrons.  Plaintiff uses a fanciful representation of a dog's paw in its logo in place of the letter "o" in the word "dog".  Plaintiff has registered the domain name "lazydogcafe.com" and has promoted its business on the web site at that internet address.

4.   Defendant 3522 DEL PRADO BLVD LLC ("DEL PRADO") is a Florida Limited Liability Company with a business and mailing address of 3533 Del Prado Blvd, S, Cape Coral, FL 33904.

5.   Upon information and belief, defendant David S. Ramage, an individual, is a principal in Defendant DEL PRADO and has a business and mailing address of 3533 Del Prado Blvd. S, Cape Coral, FL 33904.

-2-

COMPLAINT

6.    Defendant Michelle Ramage is an individual, and is believed to be a principal of Defendant DEL PRADO with an address of 3522 Del Prado Blvd. S., Cape Coral, FL 33904 and is the proprietor of the domain names "lazydogcape.com" and "lazydogcapecoral.com"

JURISDICTION AND VENUE

7.    Jurisdiction in this Court arises under the trademark laws of the United States, 15 U.S.C. §§1114, 1121 and 1125.  This complaint also alleges violations of common law.  This Court has jurisdiction over these claims pursuant to 28 U.S.C. §§ 1338(a) and (b), 1367(a).

8.    This Court has personal jurisdiction over the Defendants because they have committed one or more of the infringing acts and/or wrongful acts complained of herein in California and in this district, and Defendants, and each of them, maintain an interactive web presence in California and in this district.

9.    Venue in this Court is proper under the provisions of 28 U.S.C. §§ 1391(b) and (c) because a substantial part of the claims arose in this district.

**LAZY DOG SERVICEMARKS**

10.    Plaintiff is the owner of a family of trademarks.  Among the relevant service marks to this matter are U.S. Service mark Registration Numbers 2.885.925 ('925 Mark), 2,888,554 ('554 Mark) and 2,892,767 ('767 Mark).  All registrations are in force and are incontestable. True and correct copies of the registrations are attached as Exhibit 1 and are incorporated by reference hereat as though set forth at length.

11.    The marks all include, as the principal feature, the words "LAZY DOG" and the phrase has become distinctive of Plaintiff's restaurant services and may be considered "famous".

12.    The restaurants operating under the marks and trade name have adopted a distinctive appearance and extensively employ the marks on the signage, the uniforms and the website, as well as on printed items such as the menus, which are reproduced on

the web site.  Plaintiff's fanciful design, which has the words "THE LAZY DOG CAFE" in an oval, includes the representation of a dog's paw in place of the letter "o" in the word "dog".  Further, the restaurants have received extensive press coverage for local activities and philanthropic works.  The restaurants and their slogans and attributes are inherently distinctive and qualify as protectable trade dress.

13.  Plaintiff has expended substantial effort and funds in developing goodwill in the "LAZY DOG" marks and trade dress and in developing a consumer association of the trade dress as emanating from Plaintiff.

**DEFENDANTS' INFRINGEMENT OF THE TRADEMARKS**

14.  Defendants have recently opened a restaurant in Cape Coral, Florida under the infringing trade name "THE LAZY DOG BAR & GRILLE" and have registered that fictitious name with the Florida Department of State, Division of Corporations.

15.  The appearance of Defendants' fictitious name so closely resembles the '557 Mark and '767 Mark that Defendants "THE LAZY DOG BAR & GRILLE" is likely to cause confusion, mistake, and deception as to an affiliation, connection, or association of Defendants with Plaintiff.  Defendants have adopted an exterior sign which closely copies the '925 mark.  Further, Defendants have made extensive use of the representation of a dog's paw.  Additionally, the appearance of Defendants' restaurant, menus and the website promoting the restaurant so closely resembles the appearance of Plaintiff's marks and restaurants that Defendants' "THE LAZY DOG BAR & GRILLE" restaurant is likely to cause confusion, mistake, and deception as to the origin, sponsorship, or approval of the Defendants' restaurant.  Defendants' name and trade dress so closely resemble Plaintiff's marks and trade dress that Defendants infringe Plaintiff's service marks.

16.  Defendants' use of nearly identical marks on their restaurant, signage and web site infringe Plaintiff's Service marks and has caused and will cause confusion among the general public.

- 4 -                                      COMPLAINT

17.   Upon information and belief, Defendants have engaged in intentional infringement by designing and promoting a restaurant and website, having a theme and appearance that is confusingly similar to Plaintiff's "LAZY DOG" restaurants and web presence.

18.   Upon information and belief, Defendants have acted with full knowledge of Plaintiff's "LAZY DOG" service marks and without Plaintiff's authorization or consent.

19.   Upon information and belief, Defendants have acted willfully, in bad faith and with the intent to confuse and mislead the public and unfairly trade on the substantial and valuable goodwill associated with Plaintiff's service marks and to capitalize on Plaintiff's respected reputation as a high-quality family and pet friendly restaurant chain.

20.   Defendants will continue to operate their infringing "THE LAZY DOG BAR & GRILLE" and website and cause additional confusion in the marketplace and further dilute the fame of Plaintiff's "LAZY DOG" marks unless they are enjoined.

**DEFENDANTS' INFRINGEMENT OF THE LAZY DOG TRADE DRESS**

21.   The appearance of Defendants' restaurant and web site so closely resemble the appearance and trade dress of Plaintiff's restaurants and web site that Defendants' restaurant and web site are likely to cause confusion, mistake, and deception in the minds of the restaurant attending public as to an affiliation, connection, or association of Defendants with Plaintiff and thus infringe Plaintiff's trade dress.

22.   Defendants' use of nearly identical trade dress in "THE LAZY DOG BAR & GRILLE" and web site infringe Plaintiff's trade dress and has caused and will continue to cause confusion among the restaurant attending public.

23.   Upon information and belief, Defendants have engaged in intentional infringement by designing, maintaining and operating a restaurant having an appearance that is confusingly similar to Plaintiff's distinctive "LAZY DOG CAFE®" restaurant trade dress.

COMPLAINT

24.  Upon information and belief, Defendants have acted with full knowledge of Plaintiff's trade dress and without Plaintiff's authorization or consent.

25.  Upon information and belief, Defendants have acted willfully, in bad faith and with the intent to confuse and mislead the public and unfairly trade on the substantial and valuable goodwill associated with Plaintiff's trade dress and to capitalize on Plaintiff's highly respected reputation as a stylish, high-quality family and pet friendly restaurant chain.

26.  Unless they are enjoined, Defendants, and each of them, will continue cause additional confusion in the marketplace and further dilute the fame of Plaintiff's "THE LAZY DOG CAFE®" trade dress.

### FIRST CLAIM FOR RELIEF
### [FEDERAL TRADEMARK INFRINGEMENT; 15 U.S.C. § 1114]

27.  Plaintiff realleges and incorporates by reference the full text of all of the foregoing numbered paragraphs as though each such paragraph was fully set forth hereat.

28.  Plaintiff adopted the "LAZY DOG" Service marks and used these Service marks in interstate commerce in connection with the operation of a family and pet friendly restaurant as early as November 2002.

29.  Through extensive use and expansion into additional restaurants, Plaintiff's marks have become well known in the community and have achieved fame through community activities that were extensively reported in the media.  The trade name and service mark "THE LAZY DOG CAFE®" are now well known for a family friendly, pet themed restaurant serving an extensive menu featuring food and beverages.  All of Plaintiff's restaurants include a well stocked bar

30.  Defendants' conduct is likely to cause confusion, mistake and deception among the general purchasing public, and interfere with Plaintiff's ability to use and profit from its Service marks.

COMPLAINT

31. Defendants' conduct as described above is also likely to harm or extinguish the current ability of the Plaintiff's marks to indicate that the "LAZY DOG" branded services emanate from a single source. Defendants' conduct as described above harms the goodwill and reputation associated with the Plaintiff's registered marks.

32. Plaintiff has suffered, is suffering, and will continue to suffer irreparable injury for which Plaintiff has no adequate remedy at law. Plaintiff is therefore entitled to a permanent injunction against Defendants' further infringing conduct.

33. Defendants have profited and are profiting from such infringement, and Plaintiff has been and is being damaged and losing profit by such infringement. Plaintiff is therefore entitled to recover damages and profits from Defendants in an amount to be proved at trial as a consequence of Defendants' violations of Lanham Act § 32, 15 U.S.C. § 1114.

## SECOND CLAIM FOR RELIEF

## [FEDERAL UNFAIR COMPETITION AND TRADE DRESS INFRINGEMENT; 15 U.S.C. § 1125(a)]

34. Plaintiff realleges and incorporates by reference the full text of all of the foregoing numbered paragraphs as though each such paragraph was fully set forth hereat.

35. By the acts and omissions set forth above, Defendants' are violating Lanham Act § 43(a), 15 U.S.C. § 1125(a) and are unfairly competing with Plaintiff by Defendants' use in commerce of their "LAZY DOG BAR & GRILLE" as the name of their restaurant and "lazydogcape.com" and "lazydogcapecoral.com" web sites, all of which constitute a false designation of origin which is likely to cause confusion, and to cause mistake, and to deceive by wrongly suggesting some affiliation, connection, or association between Defendants' LAZY DOG BAR & GRILLE and Plaintiff's "THE LAZY DOG CAFE® and associated trade dress. Such use by Defendants is also likely to cause confusion, and to cause mistake, and to deceive as to the origin, sponsorship, or

COMPLAINT

approval of Defendants' LAZY DOG BAR & GRILLE and the lazydogcape.com or lazydogcapecoral.com websites. Such use by Defendants' constitutes trade dress infringement in violation of Lanham Act § 43(a), 15 U.S.C. § 1125(a).

36. Defendants have infringed, and continue to infringe Plaintiff's trade dress. Defendants' conduct is likely to cause confusion, mistake and deception among the general purchasing public, and interfere with Plaintiff's ability to use and profit from its unique restaurant environment and web presence.

37. Defendants' conduct as described above is also likely to harm or extinguish the current ability of Plaintiff's distinctive trade dress to indicate that the "LAZY DOG" restaurants and environment emanate from a single source. Defendants' conduct as described above harms the goodwill and reputation associated with the Plaintiff's distinctive trade dress.

38. Plaintiff has suffered, is suffering, and will continue to suffer irreparable injury for which Plaintiff has no adequate remedy at law. Plaintiff is therefore entitled to a permanent injunction against Defendants' further infringing conduct.

39. Defendants have profited and are profiting from such infringement, and Plaintiff has been and is being damaged and losing profit by such infringement. Plaintiff is therefore entitled to recover damages and profits from Defendants in an amount to be proved at trial as a consequence of Defendants' violations of Lanham Act § 43(a), 15 U.S.C. § 1125(a).

## THIRD CLAIM FOR RELIEF
## [FEDERAL TRADEMARK DILUTION 15 U.S.C. § 1125(c)]

40. Plaintiff realleges and incorporates by reference the full text of all of the foregoing numbered paragraphs as though each such paragraph was fully set forth hereat.

41. Through almost 10 years of open, famous and widespread use, Plaintiff's LAZY DOG trade dress has become famous. Plaintiff's LAZY DOG restaurants and

- 8 -

COMPLAINT

web site are inherently distinctive and have acquired distinctiveness.  Plaintiff's LAZY DOG trade dress is widely recognized by the general consuming public as a family and pet friendly restaurant and bar of Plaintiff.  In addition, Plaintiff has received awards from various trade industry groups.

42.   Defendants' use in commerce of its LAZY DOG BAR & GRILLE designation and its slavish copying of Plaintiff's distinctive trade dress is likely to cause dilution of Plaintiff's unique trade dress

43.   Defendants' acts and omissions as described above have caused substantial and irreparable damage and injury to Plaintiff and in particular to the valuable goodwill and reputation associated with the LAZY DOG trade dress and, unless enjoined by this Court, Defendants will continue to cause substantial and irreparable damage and injury to Plaintiff for which Plaintiff has no adequate remedy at law because no monetary award can adequately compensate Plaintiff for the damage to the goodwill and distinctive quality of the LAZY DOG trade dress occasioned by Defendants' acts and because the continuing damage to Plaintiff from such acts would be difficult to calculate and would lead to a multiplicity of actions.

44.   Defendants' actions were willful, wanton and deliberate.  All such actions were done with the intent to trade on Plaintiff's reputation and the goodwill associated with the LAZY DOG trade dress and to cause dilution of such trade dress.

45.   The acts and omissions of Defendants described above are unlawful and constitute violations of the federal anti-dilution statute, 15 U.S.C. § 1125(c), and Plaintiff has been injured thereby.

### FOURTH CLAIM FOR RELIEF
### [Common Law Unfair Competition]

46.   Plaintiff realleges and incorporates by reference the full text of all of the foregoing numbered paragraphs as though each such paragraph was fully set forth hereat.

-9-                                     COMPLAINT

47.   Defendants are willfully, fraudulently, oppressively, maliciously and unlawfully attempting to pass off, and are passing off, their LAZY DOG BAR & GRILLE as one approved and/or authorized by Plaintiff.

48.   Defendants use in commerce of the trade name LAZY DOG BAR & GRILLE continues to confuse and deceive consumers as to the source of origin of the goods and services for which Plaintiff has invested substantial time, effort and money in developing and further damages Plaintiff's goodwill and reputation.

49.   Defendants have been palming off their restaurant as Plaintiff's. Consumers have been and continue to be confused as to whether Defendants are affiliated with Plaintiff.

50.   The damage suffered by Plaintiff is irreparable and will continue unless Defendants are restrained by this Court from the commission of these acts.

51.   Defendants' willful, deliberate and malicious conduct constitutes unfair competition with Plaintiff.

52.   Such conduct by Defendants is a primary reason for Defendants' ability to operate their establishment.

53.   Defendants' are being unjustly enriched through such flagrantly unlawful conduct and should be punished therefore.

54.   Plaintiff has no adequate remedy at law in that the continuing nature of the unfair competition will result in irreparable damage to Plaintiff should Defendants not be enjoined from their acts of unfair competition.

55.   A complete recitation of the damages suffered by Plaintiff as a result of this unfair competition must await discovery of Defendants' books and records.

## FIFTH CAUSE OF ACTION

### [Violation Of The Anti-Cybersquatting Consumer Protection Act (ACPA) 15 U.S.C. § 1125(d)]

56.   Plaintiff realleges and incorporates by reference the full text of all of the

foregoing numbered paragraphs as though each such paragraph was fully set forth hereat.

57.   Plaintiff registered its distinctive domain name incorporating the major part of its service marks, "lazydogcafe.com" in June of 2002.  Such registration is ongoing and is in full force and effect.

58.   Plaintiff has used its domain name to establish a unique web site promoting its restaurant and bar services.  Plaintiff's web site features many of the elements of its distinctive trade dress, such as a gallery of pet photographs, the solicitation of the submission of pet photos for the gallery, the use of its catchy phrases such as: "Sit, Stay, Eat", "Sit, Stay, Play", "Sit, Stay, Drink", the use of pet friendly patios and other aspects of a family oriented, pet welcoming environment.

59.   Defendants have adopted the almost identical domain name "lazydogcape.com" which differs from Plaintiff's domain name by the single letter "p". In response to Plaintiff's demand to cease and desist, Defendants registered a new and still deceptively similar domain name "lazydogcapecoral.com", still employing Plaintiff's registered marks, now differing only by the "p" and the added word "coral".

60.   Defendants' use of a deceptively similar domain names not only diverts prospective customers to Defendants' sites, but creates the false and misleading impression that Plaintiff is the proprietor of the domain or that Defendants are authorized by or affiliated with Plaintiff.

61.   Because Defendants have a present, infringing usage of the term "LAZY DOG", Plaintiff's remedy under ICANN's UDRP is not assured of success and therefore Plaintiff seeks injunctive relief that the domains be assigned to Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff CWH COMPANY, LLC respectfully demands a judgment against Defendants as follows:

1.   A judgment declaring that Defendants have infringed Plaintiff's Service

marks and trade dress, have competed unfairly with Plaintiff, have diluted Plaintiff's Service marks and trade dress, have injured Plaintiff's business reputation by the unauthorized use of Plaintiff's Service marks and trade dress, and have willfully violated the applicable laws of the United States and of the states where Defendants' have offered services, all to the detriment of Plaintiff;

2.  That the Defendants, their officers, agents, servants, employees, attorneys, assigns and all persons in active concert with or participation with them be forthwith preliminarily and thereafter permanently enjoined and restrained from:

      a.  Infringing the '925 mark;

      b.  Infringing the '584 mark;

      c.  Infringing the '767 mark;

      d.  Infringing Plaintiff's distinctive trade dress;

      e.  Using Plaintiff's Service marks and trade dress, alone or in combination with any other elements, to advertise or identify Defendants' goods or services;

      f.  Unfairly competing with Plaintiff in any manner whatsoever;

      g.  Causing likelihood of confusion, injury to business reputation, or dilution of the distinctiveness of Plaintiff's marks, symbols, labels, or forms of advertising or promotion;

      h.  Engaging in any acts or activities directly or indirectly calculated to trade upon Plaintiff's Service marks and trade dress or the reputation or goodwill of Plaintiff, or in any way to compete unfairly with Plaintiff; and

      i.  Diluting the Service marks and trade dress.

3.  For a judgment directing that the domains "lazydogcape.com" and "lazydogcapecoral.com" be assigned and transferred to Plaintiff;

**COMPLAINT**

4..    For a judgment against Defendants awarding Paintiff damages and lost profits, including:

    a.  all damages sustained by Plaintiff as a result of Defendants' unlawful infringement of the registered marks, together with appropriate interest on such damages and that such damages be trebled, pursuant to Lanham Act § 35, 15 U.S.C. § 1117;

    b.  all profits derived by each Defendants from the operation of the business using Plaintiff's Service marks and trade dress or colorable imitations or facsimiles thereof, and that such profits be trebled; and

    c.  all damages sustained by Plaintiff on account of trade dress Infringement, unfair competition, dilution of trade dress, lost business opportunities and any other damage suffered by Plaintiff as a result of Defendants' acts described in this complaint, and that such damages be trebled;

6.    For an award of attorneys fees pursuant to 15 U.S.C. § 1117;

7.    For an award of pre-judgment interest at the maximum rate allowed by law;

8.    For the costs of suit herein; and

9.    For such additional and further relief that the Court may deem just and proper under the circumstances.

KLEINBERG & LERNER, LLP

November /6, 2010          By:

Marvin H. Kleinberg
Michael Hurey
1875 Century Park East, Suite 1150
Los Angeles, CA 90067
HENRY N. JANNOL,
A PROFESSIONAL CORPORATION
Attorneys for Plaintiff

- 13 -

COMPLAINT

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and Local Rule 38-1, Plaintiff CWH COMPANY LLC demands a trial by jury of any and all issues triable of right by a jury pursuant to the Seventh Amendment to the United States Constitution or as given by a statute of the United States.

November 15 2010            By: _____

Marvin H. Kleinberg
Michael Hurey
Kleinberg & Lerner, LLP
1875 Century Park East, Suite 1150
Los Angeles, CA 90067
HENRY N. JANNOL
A PROFESSIONAL CORPORATION
Attorneys for Plaintiff, CWH COMPANY LLC.

- 14 -

# EXHIBIT 1

Int. Cl.: 43

Prior U.S. Cls.: 100 and 101

**United States Patent and Trademark Office**

Reg. No. 2,885,925

Registered Sep. 21, 2004

## SERVICE MARK
### PRINCIPAL REGISTER



CWH COMPANY, LLC (CALIFORNIA LTD LIAB CO)
16310 BEACH BLVD.
WESTMINSTER, CA 926837857

FOR: RESTAURANT AND CAFE SERVICES, IN CLASS 43 (U.S. CLS. 100 AND 101).

FIRST USE 1-1-2003; IN COMMERCE 1-1-2003.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "CAFE" , APART FROM THE MARK AS SHOWN.

SER. NO. 76-522,899, FILED 6-16-2003.

CAROL SPILS, EXAMINING ATTORNEY

**Exhibit 1**
**Page15**

Int. Cl.: 43

Prior U.S. Cls.: 100 and 101

**United States Patent and Trademark Office**

Reg. No. 2,888,554
Registered Sep. 28, 2004

## SERVICE MARK
### PRINCIPAL REGISTER

# LAZY DOG CAFE

CWH COMPANY, LLC (CALIFORNIA LTD LIAB CO)
16310 BEACH BLVD.
WESTMINSTER, CA 926837857

FOR: RESTAURANT AND CAFE SERVICES, IN CLASS 43 (U.S. CLS. 100 AND 101).

FIRST USE 1-1-2003; IN COMMERCE 1-1-2003.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "CAFE" , APART FROM THE MARK AS SHOWN.

SER. NO. 76-523,116, FILED 6-16-2003.

NORA BUCHANAN WILL, EXAMINING ATTORNEY

**Exhibit 1**
**Page16**

Int. Cl.: 43

Prior U.S. Cls.: 100 and 101

**Reg. No. 2,892,767**

## United States Patent and Trademark Office

Registered Oct. 12, 2004

### SERVICE MARK
### PRINCIPAL REGISTER

# THE LAZY DOG CAFE

CWH COMPANY, LLC (CALIFORNIA LTD LIAB CO)
16310 BEACH BLVD.
WESTMINSTER, CA 926837857

FOR: RESTAURANT AND CAFE SERVICES, IN CLASS 43 (U.S. CLS. 100 AND 101).

FIRST USE 9-15-2002; IN COMMERCE 9-15-2002.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "CAFE", APART FROM THE MARK AS SHOWN.

SER. NO. 76-518,325, FILED 6-2-2003.

CHARLES L. JENKINS, EXAMINING ATTORNEY

**Exhibit 1**
**Page17**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Josephine Tucker and the assigned discovery Magistrate Judge is Carla Woehrle.

The case number on all documents filed with the Court should read as follows:

## SACV10- 1759 JST (CWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

═════════════════════════════════════════════════════════════

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [X] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.

Marvin H. Kleinberg (State Bar No. 24,953)
Email: mkleinberg@kleinberglerner.com
Michael Hurey (State Bar No. 139,550)
Email: mhurey@kleinberglerner.com
KLEINBERG & LERNER, LLP
1875 Century Park East, Suite 1150
Los Angeles, California 90067-3112
Telephone: (310) 557-1511 Facsimile: (310) 557-1540

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CWH COMPANY, LLC, a California Limited Liability Company<br><br>PLAINTIFF(S)<br><br>v.<br><br>3522 DEL PRADO BLVD LLC, a Florida Limited Liability Company, DAVID S. RAMAGE, an individual and MICHELLE RAMAGE, an individual<br><br>DEFENDANT(S). | CASE NUMBER<br><br>**SACV10-01759** JST (CWx)<br><br><br>**SUMMONS** |

TO:   DEFENDANT(S): CWH COMPANY, LLC, a California Limited Liability Company

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, KLEINBERG & LERNER, LLP____, whose address is 1875 CENTURY PARK EAST, SUITE 1150, LOS ANGELES, CA 90067____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __11-16-10__

By: _____
**TANYA DURANT**
Deputy Clerk

*(Seal of the Court)*

1188

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
CWH COMPANY, LLC, a California Limited Liability Company

**DEFENDANTS**
3522 DEL PRADO BLVD LLC, a Florida Limited Liability Company, DAVID S. RAMAGE, an individual and MICHELLE RAMAGE, an individual

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Marcus H. Kleinberg (State Bar No. 24,933), Michael Hovey (State Bar No. 139,580)
KLEINBERG LERNER, LLP
1875 Century Park East, Suite 1150
Los Angeles, CA 90067 (310) 557-1511, fax (310) 557-1540

**Attorneys** (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☑ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:  JURY DEMAND:** ☑ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☑ No  ☑ MONEY DEMANDED IN COMPLAINT: $ According to proof

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Trademark Infringement under 15 U.S.C. Sec. 1114, Unfair Comp. and Trade dress Infringement under 15 U.S.C. Sec. 1125(a), Trademark dilution under 15 U.S.C. Sec. 1125(c)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☑ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | REAL PROPERTY | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 210 Land Condemnation | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 220 Foreclosure | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 230 Rent Lease & Ejectment | IMMIGRATION | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 290 All Other Real Property | | ☐ 465 Other Immigration Actions | | ☐ 871 IRS-Third Party 26 USC 7609 |

**FOR OFFICE USE ONLY:**  Case Number:  SACV10-01759

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                    CIVIL COVER SHEET                    Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

VIII(a).  IDENTICAL CASES: Has this action been previously filed in this court and dismissed, remanded or closed?  ☒ No  ☐ Yes
If yes, list case number(s): _____

VIII(b).  RELATED CASES: Have any cases been previously filed in this court that are related to the present case?  ☒ No   ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
                               ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
                               ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
                               ☐ D.  Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present

IX. VENUE:  (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Florida |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X.  SIGNATURE OF ATTORNEY (OR PRO PER):  _____   Date  November 15 , 2010

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program.  (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability.  (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |

CV-71 (05/08)                                CIVIL COVER SHEET                                Page 2 of 2